**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ROCHE DIAGNOSTICS CORP., et al.,** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|     v. ) | Case No. 2:18-CV-01479-KOB |
| ) | |
| **PRIORITY HEALTHCARE CORP.,** ) | |
| **et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

**MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Roche's motion for partial reconsideration of the court's memorandum opinion and order of September 27, 2019. (Doc. 215.) Roche argues that the court improperly dismissed seven Defendants from the case for lack of personal jurisdiction. (Doc. 215 at 1–2.) Because the Racketeer Influenced and Corrupt Organizations Act provides an independent basis for personal jurisdiction that the court failed to consider, Roche contends that the court committed a manifest error of law by dismissing without prejudice these seven Defendants. Four of the seven dismissed Defendants—Phillip Anthony Minga, Wesley Minga, Christopher Daniel Knotts, and Daniel Baker—filed an opposition memo (Doc. 217) that the other three dismissed defendants—Geneva Oswalt, Melissa Sheffield, and Ashley Tigrett—joined. (Doc. 219.) Roche also filed a reply to Defendants' opposition brief. (Doc. 221.)

The issue before the court is whether Roche, in a motion to reconsider, can assert a legal argument that it failed to raise at the motion-to-dismiss stage. Because Roche failed to present a statutory personal jurisdiction argument prior to the court's ruling on Defendants' 12 motions to dismiss, the court finds that Roche waived the issue and will DENY Roche's motion.

**Background**

Roche's Amended Complaint features eight counts and 40 Defendants. Roche brought Count One, a RICO claim, against Priority Healthcare Corporation and five individual Defendants: Konie Minga, Phillip Minga, Sammy Carson, William Austin, and Melissa Sheffield.

In its Amended Complaint, Roche provides the following reasons why this court should exercise personal jurisdiction over the Individual Defendants:

> The Court has personal jurisdiction over the Defendants because Defendants have their principal place of business in Alabama; own or exercise control over businesses operating in Alabama; perpetrate fraudulent activities in, and through businesses operating in, Alabama; and/or knowingly participate in a fraudulent scheme employing pharmacies and pharmacists operating in Alabama.

(Doc. 90 at 14.) This paragraph composed the Amended Complaint's entire treatment of the matter of personal jurisdiction. Roche's response brief expounded on these arguments and contended that this court possessed personal jurisdiction over the Individual Defendants based on either of two theories: (1) the Individual Defendants participated in a conspiracy that included overt acts within the forum state, and/or (2) the Individual Defendants personally participated in torts that occurred in Alabama. (Doc. 141 at 34–38.) Nowhere in its brief did Roche ever assert RICO as a basis for jurisdiction over the Defendants.

In their motions to dismiss, seven of the 11 Individual Defendants—including three of five individual RICO Defendants, Phillip Minga, William Austin, and Mellissa Sheffield—argued that neither of these theories applied and asked the court for dismissal based on lack of personal jurisdiction. The other four Individual Defendants waived the issue by failing to raise the matter of personal jurisdiction.

When ruling on Defendants' motions to dismiss, the court considered both the conspiracy and tortious conduct theories and determined that neither theory subjected the seven Individual Defendants to personal jurisdiction in this court. (Doc. 212 at 12–16.) The court dismissed all seven from the case without prejudice but allowed the RICO claim to proceed against the Defendants who failed to challenge personal jurisdiction.

At no time prior to the instant motion did Roche present any argument concerning the RICO statute's nationwide service-of-process provision.

**Standard**

Roche brings this motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e). A motion to reconsider presents "an extraordinary remedy [that] is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). A party cannot use a motion for reconsideration "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Rather, only "newly discovered evidence or manifest errors of law or fact" justify granting such a motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The decision whether to grant a Rule 59 motion lies within the sound discretion of the district court. *Id.*

**Discussion**

Federal Rule of Civil Procedure 4(k)(1)(C) provides that serving summons on a defendant establishes personal jurisdiction "when authorized by federal statute." Here, Roche argues that the court should have maintained personal jurisdiction over the seven dismissed Defendants based on the following language from the Federal RICO statute:

> In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing

> in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof. . . . All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(b)(d). The Eleventh Circuit has interpreted this statute as providing "for service in any judicial district in which the defendant is found." *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997).

Six of the dismissed Defendants seemed to obliquely allude to RICO's statutory personal jurisdiction in their motions to dismiss. *See, e.g.,* Doc. 108 at 7 ("If the Court dismisses the RICO claims but allows some state-law claims to proceed, [Individual Defendant] . . . should be dismissed for lack of personal jurisdiction."). Roche argues that because personal jurisdiction is a waivable affirmative defense, the fact that the court did *not* dismiss the RICO claims against *all* Individual Defendants in this case means that the six dismissed Defendants who included this type of conditional language waived the issue of personal jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701–03 (1982) (holding that personal jurisdiction is a waivable defense.).

But this argument fails for the simple reason that all dismissed Defendants *did* contest the issue of personal jurisdiction, and, prior to the instant motion to reconsider, Roche never mentioned statutory personal jurisdiction in any complaint, motion, or brief.

The four corners of a complaint provide the basis for establishing personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.") Here, Roche's Amended Complaint presents the argument that this court has personal jurisdiction over the now-

dismissed Defendants because they "own or exercise control over businesses operating in Alabama; perpetrate fraudulent activities in, and through businesses operating in, Alabama; and/or knowingly participate in a fraudulent scheme employing pharmacies and pharmacists operating in Alabama." (Doc. 90 at 14.)

When ruling on the Defendants' motions to dismiss, the court found that the arguments that appeared in the Amended Complaint—and both arguments Roche offered in subsequent briefing—did not meet the threshold burden of demonstrating personal jurisdiction. (Doc. 212 at 12–16). Now, because Roche did not raise the matter of statutory personal jurisdiction until after the court ruled on all the issues the Parties presented, the court maintains that all dismissed Defendants remain dismissed for lack of personal jurisdiction.

The court's finding comports with the decisions of other courts that have considered the issue of statutory personal jurisdiction brought in a plaintiff's motion for reconsideration. For example, one district court granted a defendant's motion to dismiss the plaintiff's RICO claim because plaintiff's initial arguments regarding personal jurisdiction failed to persuade the court. The plaintiff then filed a motion to reconsider, alleging personal jurisdiction under the same statutory provision that Roche cites in the instant motion to reconsider. The court wrote:

> In its motion to reconsider, [plaintiff] included arguments that it did not raise during briefing on the motion to dismiss . . . namely, that this Court has personal jurisdiction over [defendant] pursuant to RICO's authorization of nationwide service of process and the operation of Federal Rule of Civil Procedure 4(k). . . . [Plaintiff] has waived these arguments as it elected not to raise them in its initial briefing. It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end.

*Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 18-cv-01489, 2019 U.S. Dist. LEXIS 158036, at *2–3 (N.D. Ill. Mar. 14, 2019) (citations omitted). *See also Carroll v. Vinnell Ababia, LLC*, No. 15-cv-815, 2016 U.S. Dist. LEXIS 1978, at *3 (E.D. Va. Jan. 7, 2016) ("Plaintiff could have

made his 4(k)(2) argument during the earlier proceedings on the Defendant's motion to dismiss and elected not to do so. Plaintiff cannot now use a rule 59(e) to raise his 4(k)(2) argument after dismissal"); *Gonzalez v. Bank of Am. Ins. Servs.*, 454 F. App'x 295, 299 n.6 (5th Cir. 2011) (noting the RICO statute's personal jurisdiction provision but declining to apply it because the plaintiff failed to raise the issue.) The court here likewise finds that Roche should have raised the issue of statutory personal jurisdiction prior to the court's ruling on Defendants' motions to dismiss; its failure to do so provides no reason for this court to reconsider its prior Order.

**Conclusion**

The Eleventh Circuit has held that a "district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). And a party cannot use a motion for reconsideration "to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

In this case, Roche passed up multiple opportunities to raise the issue of statutory personal jurisdiction, including a Complaint (Doc. 1), Amended Complaint (Doc. 90), and hundreds of pages of post-motion-to-dismiss briefing. Because Roche failed to articulate any valid reason for not raising the issue of statutory personal jurisdiction at an earlier stage of the proceedings, the court will DENY Roche's motion for partial reconsideration. (Doc. 215.)

The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 11th day of October, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE