FILED

2019 Oct-23  PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ROCHE DIAGNOSTICS CORPORATION and ROCHE DIABETES CARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRIORITY HEALTHCARE CORPORATION D/B/A PRIORITY CARE, et al., <br><br> Defendants. | Case No. 2:18-cv-01479-KOB-HJN |

## PLAINTIFFS' REQUEST FOR CLERK'S ENTRY OF DEFAULT

Plaintiffs Roche Diagnostics Corporation and Roche Diabetes Care, Inc. hereby request that the Clerk of Court enter a default of record in this case pursuant to Fed. R. Civ. P. 55(a).  In support of this request, the plaintiffs state as follows:

1.      This lawsuit was commenced by the filing of a complaint on September 11, 2018.  (Doc. 1).  This Court's Docket Sheet shows that the summons and complaint were served on the defendants on September 13, 2018, September 14, 2018 and September 15, 2018.  (Doc. 34).  Defendants never answered the original complaint, instead opting to file motions to dismiss. (Docs. 57, 58, 59). On December 21, 2018, the complaint was amended (Doc. 90), and all defendants were served with copies of the amended complaint through their counsel.

2.    Following service of the amended complaint, the defendants all moved to dismiss the amended complaint. (Docs. 103-114). That motion was granted in part, but also denied in part, on September 27, 2019.  (Doc. 213). Specifically, the Court's order on the motions to dismiss the amended complaint denied the motions to dismiss filed by Sammy Carson, Kimberly Carson, Daniel Baker, Konie Minga, and all corporate defendants – *i.e.*, Priority Healthcare Corporation; Priority Care Pharmacy LLC; Amory Priority Care Pharmacy LLC; Priority Care Pharmacy Services LLC; Priority Express Care Pharmacy LLC; Priority Care Pharmacy Solutions LLC; Amory Discount Pharmacy LLC; Priority Care Pharmacy at Cotton Gin Point LLC; Priority Care Pharmacy 2 LLC; Jasper Express Care Pharmacy LLC; Vincent Priority Care Pharmacy LLC; Vincent Express Care Pharmacy LLC; Vickers Priority Care Pharmacy LLC; Carbon Hill Express Care Pharmacy LLC; Bowie's Priority Care Pharmacy LLC; Bowie's Express Care Pharmacy LLC; B&K Priority Care Pharmacy LLC; B&K Express Care Pharmacy LLC; Tombigee Pharmacy LLC; Main Street Drugs LLC; Yellowhammer Pharmacy Services Corporation; Medical Park Discount Pharmacy LLC; Burns Discount Drug Store LLC; Ozark Family Pharmacy LLC; Priority Care Professional Staffing LLC; Medpoint Inc.; Medpoint LLC; Medpoint Advantage LLC; Professional Healthcare Staffing LLC; and Medpoint Pharmacy Benefit Managers, LLC d/b/a Medpoint

Pharmacy. (Id.; see also Doc. 212 at 2 n.1 (listing all corporate defendants); see also Amended Complaint, at Caption).

3.      Far greater than 21 days have now passed since service of process on the defendants in this case. In addition, greater than 14 days have passed since the Court's order denying the motions to dismiss on behalf of Sammy Carson, Kimberly Carson, Daniel Baker, Konie Minga, and all corporate defendants.  See Fed. R. Civ. P. 12(a)(4)(A).    Specifically, the 14-day period for answering the amended complaint expired as to the remaining defendants on or about October 11, 2019.

4.      Despite the passage of these time periods, defendants have failed to file an answer or otherwise defend, meaning that entry of default is proper. *See, e.g., Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. CV-09-S-773-NW, 2013 WL 3357167, at *7-8 (N.D. Ala. July 1, 2013) (citing *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949)[1]); *see also, e.g., FHL, Inc. v. Walker*, No. 2:13-cv-555-MHT, 2016 WL 868225, at *2 (M.D. Ala. Mar. 7, 2016); *Montgomery Bank, N.A. v. Alico Road Bus. Park, LP*, No. 2:13-cv-802-FtM-29CM, 2014 WL 12618182, at *3 (M.D. Fla. May 27, 2014); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C-08-4254 PJH (EMC), 2009 U.S. Dist. LEXIS 111609, at *11 (N.D. Cal. Aug. 4, 2009) ("[A]fter Judge Hamilton denied the motion to dismiss, Mr. Luxenberg was obligated to file

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

an answer to the complaint, which he did not do. This failure to file an answer – in spite of the earlier defense – is an adequate basis for a Rule 55 default judgment.") (citation omitted). Because these defendants have not answered and the Court records show that they have been properly served, default against them is due to be entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a).

5.     This request is further supported by the attached Affidavit of David J. Canupp, appended hereto as **Exhibit A**.

**WHEREFORE** for the reasons stated herein, plaintiffs request that the Clerk of Court enter a default against all remaining defendants in this case.

DATED:     October 23, 2019

Respectfully submitted,

*/s/ Geoffrey Potter*
Geoffrey Potter
Aron Fischer
Timothy Gray
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: 212-336-2000
Fax: 212-336-2222
gpotter@pbwt.com
afischer@pbwt.com
tgray@pbwt.com

*/s/ David J. Canupp*
David J. Canupp

J. Bradley Emmons
LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Tel: 256-535-1100
Fax: 256-533-9322
djc@LanierFord.com
jbe@LanierFord.com

*Attorneys for Plaintiffs*
*Roche Diagnostics Corporation and*
*Roche Diabetes Care, Inc.*

<u>CERTIFICATE OF SERVICE</u>

The foregoing was filed with the Court by hand and copies of this Request and accompanying affidavit were served by electronic mail on all counsel of record this 23rd day of October, 2019.

/s/ *David J. Canupp*
David J. Canupp