# IN THE UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROCHE DIAGNOSTICS CORP.,** *et al.*, | |
| Plaintiffs, | **Case No. 2:18-cv-1479-KOB-HNJ** |
| v. | **OPPOSED** |
| **PRIORITY HEALTHCARE CORP.,** *et al.*, | |
| Defendants. | |

### MOTION TO MODIFY AND/OR DISSOLVE, IN PART,
### THE OCTOBER 25, 2019 TEMPORARY RESTRAINING ORDER

The Priority Care Defendants[1] respectfully move to modify and/or dissolve, in part, the Temporary Restraining Order entered by the Court on October 25, 2019 (*see* Doc. 268), pursuant to Rule 65 and the inherent equitable authority of the Court, so as to unfreeze the ███████████████████████████████ ███████. The ██████████ was included in the TRO on the basis of a demonstrable mistake of fact on the face of Plaintiffs' moving papers, including (a) ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[1] The Priority Care Defendants are defined in the signature block below.

███████████████████████████████████████████

███████████████████████  In further support of the instant motion, Defendants state as follows:

1. On October 21, 2019, Plaintiffs Roche Diagnostics Corporation and Roche Diabetes Care, Inc. (together, "Plaintiffs" or "Roche") filed a sealed Motion for an Order Freezing Certain Assets of Defendants.  (*See* Doc. 252.)

2. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
██

3. ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

4.    ████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████  As explained further below, account statements reveal that the above statements are false.

5.    Following a telephonic conference on October 23, 2019, the Court entered a temporary restraining order freezing the five investment accounts on October 25, 2019 (the "TRO").  (*See* Doc. 268.)  In the TRO, the Court noted that "the evidentiary record reflects that Phillip Minga transferred multiple millions of dollars within days after Roche riled its complaint." (*Id.* at 5.)

6.    The TRO also required Plaintiffs to post an undertaking "in the amount of $100,000 as security for the payment of such costs and damages as maybe incurred or suffered by any party as a result of any undue harm caused by

3

this Temporary Restraining Order." (*Id.* at 7.) On October 24, 2019, Plaintiffs posted a bond in that amount. (*See* Doc. 266.)

7. On October 25, 2019, upon review of the underlying account statements for the ▮▮▮▮▮, undersigned counsel discovered material factual inaccuracies in Plaintiffs' moving papers. First, ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮. (*See* Exhibit A.) ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮. (*See id.*) In fact, the account statements show no activity in the ▮▮▮ for at least September, October, and November of 2018. Accordingly, Plaintiffs' inclusion of the ▮▮▮ in the TRO is predicated on a clear factual error.

8. On Friday, October 25, 2019, Derrelle Janey, counsel for Defendants, spoke to Geoffrey Potter, counsel for Roche, by telephone. Mr. Janey informed Mr. Potter of the factual discrepancy in Roche's moving papers regarding the ▮▮▮.

9. Later that day, counsel for Defendants emailed Mr. Potter again explaining the discrepancy and inquiring about Roche's next steps in order to correct the TRO.

10. Later that same day, Mr. Potter replied by email asking for the current balance in each of the frozen accounts, and stating that with the current account

4

balances he could make an appropriate recommendation to his client and provide a response over the weekend.

11. On Saturday morning, October 26th, Mr. Janey emailed Mr. Potter the current balances in the frozen accounts and again reiterated the need to correct the TRO such that the frozen accounts actually correspond to the specific transfers at issue in Roche's moving papers. Mr. Janey stated that Defendants would move to the Court to modify the correction if Roche did not do so.

12. As of the date of this writing on the evening of Sunday, October 27th, Roche has not replied to this request or taken steps to correct the TRO. Accordingly, Defendants so move herein.

13. Under FRCP Rule 65(b)(4), the adverse party to a TRO may move to dissolve or modify the order on 2 days' notice to the party who obtained the order without notice. Moreover, the Eleventh Circuit has provided in the context of a preliminary injunction that "the court is authorized to make any changes in the injunction that are equitable in light of the subsequent changes in the fact or the law, or for any other good reason." *Canal Authority of State of Fla. v. Callaway*, 489 F.2d 567, 578 (11th Cir. 1974).

14. To be clear, Defendants do not believe that Plaintiffs meet the requirements for the "extraordinary and drastic" remedy of primary injunctive relief freezing *any* of the five investment accounts in this instance, for reasons

which will be fully briefed in connection with the preliminary injunction hearing later this week. *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed. App'x 502, 504 (11th Cir. 2007). However, Roche's clear mistake of fact with respect to the ▉▉▉▉▉▉▉, in particular, demands that the TRO be modified or dissolved as to that account **now**, even before the preliminary injunction hearing.

15. Again, Plaintiffs' Motion is predicated on the fact of a *specific* transfer of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ for the purported purpose of concealment. This transfer never took place. Roche's error is exacerbated by the fact that it does not even correctly identify the entity on ▉▉▉▉▉▉▉. Accordingly, the ▉▉▉▉▉▉▉ is being restrained for no articulable purpose. This is prohibited under the "general federal rule of equity" that "a court may not reach a defendant's assets **unrelated** to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994) (emphasis supplied). *See also Absolute Activist Value Master Fund Limited v. Devine*, No. 2:15-cv-328-FtM-29MRM, 2016 WL 1572388, at *10 (M.D. Fla. Apr. 19, 2016) (requiring plaintiff seeking to restrain assets to "make a preliminary showing that each asset they desire to remain frozen contains, or was purchased with, illegal penny stock scheme proceeds").

16. Roche's misidentification and the resulting improper restraint of the ▇ ▇▇▇▇▇▇▇ is not simply an innocuous clerical mistake that can, as Roche has suggested, be addressed based on the current balance in each of the frozen accounts. Indeed, the Court's decision to restrain the ▇▇▇▇▇▇▇ relied on Roche's averment about the specific transfer of ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇. As the party seeking injunctive relief, Roche bears the burden of adducing specific facts as to each account that it seeks to restrain that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Roche has set forth no accurate facts to justify the restraint of the ▇ ▇▇▇▇▇▇▇ here.

17. Nor does Roche, a private litigant, have recourse to any other rule or statute that would allow it to unilaterally substitute a new account for the ▇▇▇ ▇▇▇▇. *See, e.g.* 18 U.S.C. §§ 981, 984 (together granting the United States the right to substitute fungible property for other fungible property in civil forfeiture action); *see also Diamond Casino Cruise, LLC v. Dep't of Homeland Sec.*, 915 F. Supp. 2d 1380, 1381 (S.D. Ga. 2013) (holding that the General Rules for civil forfeiture proceeding provide no private remedy to challenge the sufficiency of government's proof supporting forfeiture).

18. Accordingly, for the above-stated reasons, the Court should modify or dissolve, in part, the TRO so as to unfreeze the ■■■■■■■■.

19. Defendants reserve the right to seek damages under FRCP Rule 65(c), which provides that the party seeking an injunction to provide a bond "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). To recover damages, the movant "must prove that it was wrongfully enjoined and that its damages were proximately caused by the erroneously issued injunction." *Continental Casualty Co. v. Hardin*, 8:16-CV-322-17TGW, 2017 WL 9401125, at *3 (M.D. Fla. Mar. 14, 2017) (quoting *Milan Esp., Inc. v. Averitt Exp., Inc.*, 254 F.3d 966, 981 (11th Cir. 2001). "There is a presumption in favor of awarding damages on an injunction bond when an injunction is wrongfully entered." *Id.* (quoting *Milan Exp., Inc.*, 254. F.3d at 981).

                                          Respectfully submitted,

Dated: 27 October 2019

                              By:    *Derrelle M. Janey*
                                      Derrelle M. Janey (*Pro Hac Vice*)
                                      Annie M. Friedman (*Pro Hac Vice*)
                                      GOTTLIEB & JANEY LLP
                                      111 Broadway, Suite 701
                                      New York, New York 10006
                                      (212) 566-7766 (telephone)
                                      (212) 374-1506 (facsimile)
                                      djaney@gottliebjaney.com
                                      afriedman@gottliebjaney.com

*One of the Attorneys for Priority Healthcare Corporation; Priority Care Pharmacy LLC; Amory Priority Care Pharmacy LLC; Priority Care Pharmacy Services LLC; Priority Express Care Pharmacy LLC; Priority Care Pharmacy Solutions LLC; Amory Discount Pharmacy LLC; Priority Care Pharmacy at Cotton Gin Point LLC; Priority Care Pharmacy 2 LLC; Jasper Express Care Pharmacy LLC; Vincent Priority Care Pharmacy LLC; Vincent Express Care Pharmacy LLC; Vickers Priority Care Pharmacy LLC; Carbon Hill Express Care Pharmacy LLC; Bowie's Priority Care Pharmacy LLC; Bowie's Express Care Pharmacy LLC; B&K Priority Care Pharmacy LLC; B&K Express Care Pharmacy LLC; Tombigbee Pharmacy LLC; Main Street Drugs LLC; Yellowhammer Pharmacy Services Corporation; Medical Park Discount Pharmacy LLC; Burns Discount Drug Store LLC; Ozark Family Pharmacy LLC; Priority Care Professional Staffing LLC; Medpoint Inc.; Medpoint LLC; Medpoint Advantage LLC; Professional Healthcare Staffing LLC; Medpoint Pharmacy Benefit Managers LLC; Konie Minga; and Daniel Baker.*

<u>OF COUNSEL</u>:
Harlan I. Prater IV
*hprater@lightfootlaw.com*
Jackson R. Sharman III
*jsharman@lightfootlaw.com*
Wesley B. Gilchrist
*wgilchrist@lightfootlaw.com*
Jeffrey P. Doss
*jdoss@lightfootlaw.com*
Amie A. Vague
*avague@lightfootlaw.com*

LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, AL 35203
(205) 581-0700 / (205) 581-0799 (facsimile)

## **CERTIFICATE OF SERVICE**

On this 27th day of October, 2019, I certify that a copy of the foregoing was served all counsel of record through this Court's electronic filing system.

*/s/ Derrelle M. Janey*
Derrelle M. Janey