FILED

2019 Nov-07  PM 02:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROCHE DIAGNOSTICS CORP., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:18-CV-01479-KOB-HNJ** |
| | ) | |
| **PRIORITY HEALTHCARE CORP.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S EMERGENCY MOTION TO STAY, ALTER, OR AMEND ORDER GRANTING PRELIMINARY INJUNCTIVE RELIEF

**COME NOW**, Defendant Konnie Minga and associated entities KJM Holding, LLC; Capital Asset Management, LLC; and Minga Investments, LLC (hereinafter referred to as Minga Non-Parties) and moves this Honorable Court to Stay, Amend, or Modify the Order Granting Preliminary Injunctive Relief, heretofore entered on November 5, 2019, and as grounds therefore says as follows:

1.  Preserving the Status Quo

"Preliminary injunctions are issued when drastic relief is necessary to preserve the status quo."[1]  Indeed, "maintenance of the status quo is the ***primary purpose*** of preliminary injunctive relief."[2]  Preserving the status quo requires preserving "the relative positions of the parties until a

---

[1] *All Care Nursing Service, Inc. v. Bethesda Memorial Hosp., Inc.,* 887 F.2d 1535, 1537 (11th Cir. 1989).
[2] *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 1833 (1981)) (emphasis added).

trial on the merits can be held."[3]   Maintaining the parties' positions is essential because a preliminary injunction is not binding at a trial on the merits.[4]

Preliminary injunctions that force a party to act become "mandatory or affirmative injunction[s]."[5]   "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."[6]   A party seeking a mandatory preliminary injunction have a heightened burden in demonstrating the requested relief.[7]   The heightened standard requires the party to "demonstrate that extreme or serious damage would result absent the relief."[8]

Although this Honorable Court has determined and ordered that a liquidation of all assets, in addition to the freezing of said assets, is required in order prevent Plaintiff from suffering extreme damage there is no sufficient evidence that the liquidation of assets should also be required. This determination, although well set forth in this Court's Memorandum Opinion, Defendant takes exception only to the portion of the Order requiring that all of the assets of the four accounts referenced in the Order also be liquidated and disgorged. In fact, as of the filing of this motion, over $23 million of said assets have been liquidated and remain in the control of the financial institutions involved which should provide the requisite evidence needed to reflect that the freezing of the assets alone is sufficient to protect movant's position..

The majority of the assets contained in the accounts subject to this Court's order are of such a nature that to require their further immediate liquidation will necessarily create, and has

---

[3] *Univ. of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 1833 (1981).
[4] *Id.*
[5] *Haddad v. Arnold*, 784 F.Supp.2d 1284, 1295-96 (M.D.Fla. 2010).
[6] *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976); *see also Haddad v. Arnold*, 784 F.Supp.2d 1284, 1295-96 (M.D.Fla. 2010).
[7] *Haddad v. Arnold*, 784 F.Supp.2d 1284, 1295-96 (M.D.Fla. 2010).
[8] *Verizon Wireless Personal Communications LP v. Cty. of Jacksonville, Fla.*, 670 F.Supp.2d 1330, 1346 (M.D. Fla. 2009) (citation omitted).

already created, tremendous brokerage fees, tax burdens and/or penalties, and in all probability substantial loss if they are required to be further liquidated immediately. If a rescission of the Order of Liquidation is issued by this Honorable Court prior to December 31, 2019, Revenue Ruling 80-58 provides that there will be no capital gains tax on the liquidation proceeds received thus far. Defendant argues that fair-market-value of said assets cannot be and has not been maximized within the time periods required by this Court's Order due to fluctuations in market value, etc. Additionally, the defendant has further been damaged by losing the potential of maximizing future profits. In other words, the liquidation has resulted in more of a penalty to the defendant's than to the protection of the assets for the benefit of the movant.

In this Honorable Court's Memorandum Opinion, the Court refers to Federal Rules of Civil Procedure Rule 65 that the Injunction is appropriate if there is a substantial threat that movant will suffer irreparable injury if the injunction is not entered.

Defendant stipulates that the injunction is appropriate with regards to the freezing of all of the assets at issue and further stipulates that said freeze should remain in place. However, Defendant cannot see how either party could benefit from the liquidation of the assets versus a mere freezing of those assets.

Forcing a liquidation of assets as required in this Honorable Court's Order in reality may cause irreparable harm to the movant/Plaintiff as well as the Defendant herein.

Defendant requests a Stay of this Court's Order of Liquidation until Defendant, its' attorneys, financial managers, and accountants have been given appropriate time to plan and execute said liquidation in a manner so as to maximize the amount received through said liquidation should the Court not amend its' Order requiring immediate liquidation.

**ARGUMENT**

1. Defendant agrees with this Honorable Court that a Preliminary Injunction is meant to preserve the status quo of the parties involved.

2. Any mandatory preliminary relief, which goes well beyond simply maintaining the status quo is disfavored, and should not be issued unless the facts and law clearly favor the moving party. The heightened standard required in this situation requires that the movant demonstrate that extreme or serious damage would result to it without said

3. The Defendant hereby stipulates to a continued freeze on all assets as ordered by this Honorable Court.

4. Defendant's request an extension of time in order to obtain documents required to determine an accounting of related assets in order to properly address disgorgement and liquidation and related amounts thereof.

5. The liquidation of the accounts as ordered by November 7, 2019 will most certainly cause grave consequences and undue hardship without a determination of the amounts of monies to be disgorged or liquidated.

6. With regards to the underlying assets it is simply impracticable to comply with said Order to liquidate and/or disgorge of assets until further discovery and disclosure can be had upon receipt of documents previously subpoenaed on October 24, 2019 which identify the range of records related to January 1, 2013 through March 31, 2018 (the period for which Plaintiff is making its claim).

7. The immediate liquidation of all assets will most certainly result in irreparable harm to the Defendant either due to substantial income tax consequences and/or substantial investment losses as now ordered by The Court if liquidated prematurely.

8. There appears to be a question of factual basis or substantial likelihood that Plaintiff could prevail on the merits until such an accounting can be had to determine the nexus and relationship of assets before said assets can be liquidated or disgorged.

9. The granting of this motion would, in all likelihood, not only be a protection for the Defendant's rights, but also for the Plaintiff's rights should they proceed to a judgment in this cause in that a liquidation at this point in time could result in substantial loss of value in the assets.

10. If The Court would at least stay the period of time for the liquidation for all covered assets **and stipulate to the freeze of said assets** until such related assets subject to liquidation and disgorgement can be adequately determined then the liquidation can proceed in an orderly fashion.

11. Upon a determination of the proper amounts of liquidation, if any, Defendant would be willing to liquidate such assets if given the time and assistance to liquidate same in a more controlled and direct manner.

12. For instance, with regard to any of the assets in the Trust or E*Trade accounts, inevitably taxes and penalties on the sale or exchange thereof would greatly outweigh the benefits received by either party.

13. Furthermore, pursuant to Rule 65.1 F.R.C.P. with regard to Surety and Rule 65(c) F.R.C.P. no bond requirement has been addressed in the present Order entered by this Court on November 5, 2019 and said Defendant is willing to post bond although not required by this Court in the amount of $100,000.00 as a show of good faith as a basis for granting this Motion.

14. Additionally, the assets held in the name of Capital Asset Management, LLC wherein Premiere Trust is the trustee which owns all of the assets contained in the Trust which would make questionable whether or not it is bound by the Order as it is not referred to in F.R.C.P. 65(d)(2)(A),(B), or (C).

15. There has been no showing of Nexus between numerous assets and the action sought to be proven by Plaintiff, as the complaint only addresses the years January 1, 2013 through the first quarter of 2018.

## CONCLUSION

16. **Wherefore**, premises considered, Defendant prays that this Honorable Court:

   a) Will amend or dissolve its Order requiring the liquidation of all assets

   b) Stay this proceeding to allow an emergency hearing with regard to this motion.

   c) Or in the alternative, grant this motion to stay or dissolve this proceeding as to the requirement of immediate liquidation or disgorgement of assets to allow Defendants to cause the liquidation to proceed in a businesslike and professional manner in order to maximize the asset value  to the benefit of all the parties yet stipulating to a freeze remaining intact on all assets and liquidation proceeds, based on the above and foregoing.

   d) Further stay this proceeding to allow an emergency hearing on this motion.

Respectfully submitted,

/s/ Samuel R. McCord
Attorney for Defendants

OF COUNSEL:
ADDRESS:
1400 21st Way S.
Birmingham, AL 35205
205-252-2100 (p)
205-252-2187 (f)

sam@samuelrmccord.com

## <u>Certificate of Service</u>

I hereby certify that the undersigned filed this motion on November 7, 2019 by using the

electronic filing system (CM/ECF) and provided a copy of same to the following:

David J. Canupp
J. Bradley Emmons
Lanier, Ford, Shaver & Payne, P.C.
P.O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Tel: 256-535-1100
Fax: 256-533-9322
Djc@LanierFord.com
Jbe@LanierFord.com

Geoffrey Potter, Esq. (pro hac vice application pending)
Aron Fischer, Esq. (pro hac vice application pending)
Timothy Gray (pro hac vice application pending)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NW 10036-6710
Tel: 212-336-2000
Fax: 212-336-2222
gpotter@pbwt.com
afischer@pbwt.com
tgray@pbwt.com
Attorneys for Plaintiffs
Roche Diagnostics Corporation and
Roche Diabetes Care, Inc.


Derrelle Janey
Trinity Building
111 Broadway-ste 701
New York, NY 10006
Gottlieb & Janey
Tel: 212-566-7766
djaney@gottliebjaney.com
Counsel for Defendants

Respectfully submitted,

/s/ Samuel R. McCord
OF COUNSEL