FILED
2020 Dec-01 PM 05:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROCHE DIAGNOSTICS CORPORATION, et al., | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) Civil Action No.: 2:18-cv-01479-KOB-HNJ ) ) |
| PRIORITY HEALTHCARE CORPORATION, et al., | ) ) ) ) |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Withdraw from Bruce F. Rogers, Charles K. Hamilton, and Jennifer Hanson Wheeler of the law firm Bainbridge, Mims, Rogers & Smith, LLP. (Doc. 487). Mr. Rogers, Mr. Hamilton, and Ms. Wheeler move the court to allow them to withdraw as counsel for Defendant Konie Minga and Corporate Defendants Priority Healthcare Corporation d/b/a Priority Care; Priority Care Pharmacy, LLC; Priority Care Medical Supply, LLC; Amory Priority Care Pharmacy, LLC; Priority Care Pharmacy Services, LLC; Priority Care Pharmacy Solutions, LLC; Amory Discount Pharmacy, LLC; Priority Care Pharmacy at Cotton Gin Point, LLC; Priority Care Pharmacy 2, LLC; Jasper Express Care Pharmacy, LLC; Vincent Priority Care Pharmacy, LLC d/b/a The Medicine Chest; Vincent Express Care Pharmacy, LLC; Vickers Priority Care Pharmacy, LLC; Carbon Hill Express Care Pharmacy, LLC; Bowie's Priority Care Pharmacy, LLC d/b/a Bowie's Discount Pharmacy; Bowie's Express Care Pharmacy, LLC; B&K Priority Care Pharmacy, LLC; B&K Express Care Pharmacy, LLC; Monroe Pharmacy Corporation; Tombigbee Pharmacy, LLC; Main Street Drugs, LLC; Medical Park Discount Pharmacy, LLC; Burns Discount Drug Store, LLC; Burns

Discount Drug Store, LLC; Ozark Family Pharmacy, LLC; Ozark Family Pharmacy, LLC; Medpoint Advantage, LLC; Medpoint Pharmacy Benefit Managers, LLC d/b/a Medpoint Pharmacy; Professional Healthcare Staffing, LLC; Razorback Pharmacy Services, Inc.; Priority Express Care Pharmacy, LLC; Yellowhammer Pharmacy Services Corporation; Priority Care Professional Staffing, LLC; Medpoint, Inc.; and Medpoint, LLC.

Plaintiffs Roche Diagnostics Corporation and Roche Diabetes Care, Inc. oppose the Bainbridge attorneys' motion. (Doc. 493). The motion is ripe for review. For the reasons discussed below, the court DENIES the Bainbridge attorneys' Motion to Withdraw.

**I.   Legal Standard**

Under the Alabama Rules of Professional Conduct, a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" or if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Ala. R. Prof. Conduct 1.16(b)(4)-(5). A district court has discretion to decide whether to grant a withdrawal motion, but before granting a motion, "it is incumbent on the court to assure that the prosecution of the lawsuit is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause." *Mekdeci By & Through Mekdeci v. Merrell Nat. Labs, a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1521–22 (11th Cir. 1983) (quoting *Broughten v. Voss*, 634 F.2d 880, 882– 83 (5th Cir. 1981)). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Ala. R. Prof. Conduct 1.16(c).

2

**II.  Discussion**

Since this case was first filed in September 2018, Konie Minga and the Corporate Defendants have had a plethora of attorneys represent them. Bainbridge Mims is the *sixth* firm to represent Defendant Konie Minga and the *fifth* firm to represent the Corporate Defendants. (Doc. 493). In their Motion to Withdraw, the Bainbridge firm states that Defendants have not met their obligations to their lawyers, that continued representation will result in an unreasonable financial burden on them, and that they have given notice to Defendants of their intention to withdraw, as required by the Alabama Rules of Professional Conduct. (Doc. 487).

In their opposition to the Motion to Withdraw, Plaintiffs Roche Diagnostics Corporation and Roche Diabetes Care, Inc. argue that "permitting the Defendants to retain yet another law firm would be disruptive to [the] litigation and prejudicial to Roche." (Doc. 493). The court agrees. To grant an attorney's motion to withdraw, the court must make sure that the prosecution of the lawsuit is not disrupted and that the withdrawal is for good cause. *Mekdeci By & Through Mekdeci*, 711 F.2d 1510, 1521–22 (11th Cir. 1983).

Ms. Minga and the Corporate Defendants have a track record of disruption at every stage of this case. For example, Plaintiffs point out that two of the previous firms representing Defendants moved to withdraw from their representations right after Roche moved to lift the stay of proceedings against Konie Minga and file a Second Amended Complaint. (Doc. 493). Plaintiffs state that after the court set a damages hearing for June 16, 2020, Ms. Minga and several of the Corporate Defendants filed for bankruptcy, causing the case to be stayed. (*Id.*). The court cannot allow such disruption to continue.

Plaintiffs also point the court to evidence that Ms. Minga and the Corporate Defendants

3

have the resources to pay their attorneys and are choosing not to do so. (Doc. 493). The court respects and appreciates counsel and their need to be paid, but at this point, that is a matter between counsel and their clients. If the court were to grant the Bainbridge attorneys' motion to withdraw, it would have to wait for new attorneys to familiarize themselves with this case. Such delay is prejudicial to Plaintiffs, and judicial economy also counsels against it. The court needs to resolve the question of the amount of damages owed by the Defaulted Defendants and will not tolerate further delays orchestrated by Ms. Minga and the Corporate Defendants.

Thus, the court thus **DENIES** the Bainbridge attorneys' Motion to Withdraw.

DONE and ORDERED this 1st day of December, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE